**WO** RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin A. Perez, | No. CV-05-392-PHX-DGC (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Gabriel Vasquez, et al., | |
| Defendants. | |

Benjamin A. Perez (Plaintiff), currently confined in the Special Management Unit I (SMU I) of the Arizona State Prison Complex - Eyman in Florence, Arizona (ASPC-Eyman), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to Title 42 U.S.C. § 1983.[1] Plaintiff has not paid the one hundred and fifty dollar ($150.00) filing fee, but has filed an uncertified "Application to Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed) with the Complaint, which includes a "Certified Statement Of Account" (Account Statement).

---

[1] When Plaintiff filed the Complaint, he was confined in the Special Management Unit II (SMU II) of ASPC-Eyman.

**TERMPS REF** - 1 -

1   **APPLICATION TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u> AND FILING FEE**

2   Although Plaintiff's Application To Proceed has not been certified by a correctional
3   official, his Account Statement has been certified as required. Accordingly, in the interest
4   of justice, the Court will overlook the lack of certification on the Application To Proceed
5   and it will be granted.

6   Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee.
7   Effective February 7, 2005, the filing fee for a civil rights action increased from one hundred
8   and fifty dollars ($150.00) to two hundred and fifty dollars ($250.00). <u>See</u> 28 U.S.C. § 1914,
9   <u>amended by</u>, Consolidated Appropriations Act of 2005, Pub. L. No. 108-447, 118 Stat. 2809,
10  Sec. 307 (December 8, 2004). Plaintiff's Complaint, however, is not subject to the increased
11  fee because Plaintiff filed his Complaint prior to February 7, 2005. Accordingly, Plaintiff is
12  obligated to pay only the one hundred and fifty dollar ($150.00) filing fee.

13  Based on the average monthly deposits in Plaintiff's account for five (5) months
14  preceding the filing of the Complaint, an initial partial filing fee of eight dollars and twenty
15  cents ($8.20) will be assessed by this Order. 28 U.S.C. § 1915(b)(1).

16  By separate order, the Court will direct the appropriate agency to collect the initial
17  partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court.
18  Thereafter, Plaintiff will be obligated for monthly payments of twenty percent (20%) of the
19  preceding month's income credited to Plaintiff's trust account. These payments will be
20  forwarded by the appropriate agency to the Clerk of the Court each time the amount in
21  Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full. 28 U.S.C.
22  § 1915(b)(2).

23  Plaintiff should take notice that if he is released before the filing fee is paid in full,
24  he must pay the remaining unpaid amount of the filing fee within one hundred and twenty
25  (120) days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee
26  within one hundred and twenty (120) days of the date of his release, the action will be
27  dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the
28

**TERMPSREF** - 2 -

1 remainder of the filing fee.

2 Plaintiff also should take notice that a prisoner may not bring a civil action without
3 complete prepayment of the appropriate filing fee if the prisoner has brought, on three (3)
4 or
5 more occasions, an action or appeal in a federal court that was dismissed as frivolous, as
6 malicious, or for failure to state a claim upon which relief may be granted, unless the
7 prisoner is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

## STATUTORY SCREENING OF PRISONER COMPLAINTS

9 The Court is required to screen complaints or amended complaints brought by
10 prisoners seeking relief against a governmental entity or officer or employee of a
11 governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion
12 thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to
13 state a claim upon which relief may be granted, or that seek monetary relief from a
14 defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).   The Court also
15 must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative
16 remedy available to him.  42 U.S.C. § 1997e(a).

## COMPLAINT

18 Plaintiff alleges one (1) count in his Complaint. (Complaint at 4).

19 Named as Defendants in the Complaint are: (1) Gabriel Vasquez, Glendale Police
20 Officer; and (2) City of Glendale Police Department. (Complaint at 1-2).

21 Plaintiff seeks a jury trial, injunctive relief, and monetary damages. (Complaint at 7).

## DISMISSAL OF DEFENDANT

**City of Glendale Police Department**

24 To impose liability under 42 U.S.C. § 1983 upon Defendant City of Glendale Police
25 Department, or the City of Glendale, Plaintiff must demonstrate the existence of a particular
26 official city policy or established custom and that the policy or custom caused him to be
27 subjected to a deprivation of a constitutional right.  Oklahoma City v. Tuttle, 471 U.S. 808,

28

**TERMPS REF** - 3 -

1   829-30 (1985) (Justice Brennan, concurring); See also, Monell v. New York City Department
2   of Social Services, 436 U.S. 658, 691, 694 (1978); Ybarra v. Reno Thunderbird Mobile Home
3   Village, 723 F.2d 675, 681 (9th Cir. 1984).

4   Plaintiff makes no allegations in the Complaint regarding a particular policy or
5   custom of the City of Glendale Police Department or the City of Glendale. Indeed, other
6   than naming the City of Glendale Police Department in the caption of the Complaint,
7   Plaintiff makes no allegations at all against Defendant City of Glendale Police Department.
8   Accordingly, the City of Glendale Police Department is not a proper Defendant, and will be
9   dismissed without prejudice from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and
10  1915A(b)(1) for failure to state a claim upon which relief may be granted.

**CLAIM TO WHICH AN ANSWER WILL BE REQUIRED**

12  In Count I of the Complaint, Plaintiff claims that Defendant Gabriel Vasquez violated
13  his Eighth Amendment rights by using excessive force when he apprehended Plaintiff.
14  (Complaint at 4). Plaintiff alleges that Defendant Vasquez activated a Taser gun against
15  him four (4) times for no apparent reason. Id. Plaintiff further alleges that no threat was
16  made or attempted against Defendant Vasquez, and that no weapons were brandished. Id.

17  In reviewing Plaintiff's allegations in Count I, the Court notes that "all claims that
18  law enforcement officers have used excessive force - deadly or not - in the course of an
19  arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the
20  Fourth Amendment and its 'reasonableness' standard." Graham v. Conner, 490 U.S. 386,
21  395 (1989). Accordingly, Plaintiff's excessive force claim will be construed as raising a
22  Fourth Amendment claim, rather than an Eighth Amendment claim. See Karim-Panahi v.
23  Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the
24  plaintiff appears pro se, the court must construe the pleadings liberally and must afford the
25  plaintiff the benefit of any doubt").

26  The Court also notes that the "Eighth Amendment's prohibition of 'cruel and
27  unusual punishments' applies only 'after conviction and sentence.'" Graham, 490 U.S. at

**TERMPS REF** - 4 -

1  393 & n. 6 (citing Ingraham v. Wright, 430 U.S. 651, 671 n. 40 (1977))." Lee v. City of Los
2  Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Because Plaintiff does not appear to have been
3  convicted of, or sentenced for, any crime at the time of the incident in question, he is
4  "accorded no rights under the Eighth Amendment" with regard to the incident. Id. (citation
5  omitted)

6  Liberally construed, Plaintiff's Count I states an excessive force claim for relief under
7  the Fourth Amendment against Defendant Vasquez. Accordingly, the Court will call for
8  an answer from Defendant Vasquez to the Complaint.

### MOTIONS FOR STATUS

10  On September 28, 2005, Plaintiff filed a "Motion/Request For Status Of Case"
11  (Document #3). On October 13, 2005, Plaintiff filed another "Motion/Request For Status
12  Of Case" (Document #4). Both of Plaintiff's Motions will be granted to the extent that this
13  Order informs Plaintiff of the status of this action.

### RULE 41(b) WARNING

15  Plaintiff should take notice that if he fails to timely comply with every provision of
16  this Order, or any order of the Court entered in this matter, the action and Complaint will
17  be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik
18  v. Bonzelet, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply
19  with any order of the court), cert. denied, 506 U.S. 915 (1992).

20  **IT IS THEREFORE ORDERED:**

21  (1) That Plaintiff's "Application to Proceed In Forma Pauperis By A Prisoner Civil
22  (Non-Habeas)" filed with the Complaint is GRANTED;

23  (2) That Plaintiff is OBLIGATED to pay the statutory filing fee of one hundred and
24  fifty dollars ($150.00) for this action. Plaintiff is ASSESSED an initial partial filing fee of
25  eight dollars and twenty cents ($8.20). All fees shall be collected and paid in accordance
26  with this Court's Order to the Director of the Arizona Department of Corrections (ADOC)
27  filed concurrently herewith;

28

1      (3) That Plaintiff's "Motion/Request For Status Of Case" (Document #3) and
2  "Motion/Request For Status Of Case" (Document #4) are both GRANTED to the extent
3  that this Order informs Plaintiff of the status of this action;

4      (4) That Defendant City of Glendale Police Department is DISMISSED WITHOUT
5  PREJUDICE from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for
6  failure to state a claim upon which relief may be granted;

7      (5) That Defendant Gabriel Vasquez is REQUIRED TO FILE an answer to Count I
8  of the Complaint;

9      (6) That the Clerk of the Court is DIRECTED to send Plaintiff a service packet,
10 including a copy of this Order, a copy of the Complaint (Document #1), and both summons
11 and request for waiver forms for Defendant Vasquez;

12     (7) That Plaintiff SHALL COMPLETE AND RETURN the service packets to the
13 Clerk of the Court within twenty (20) days of the date of filing of this Order.  The United
14 States Marshal will not provide service of process if Plaintiff fails to comply with this
15 Order;

16     (8) That if Plaintiff does NOT either obtain a waiver of service of summons or
17 complete service of the summons and Complaint on Defendant within one hundred and
18 twenty (120) days of the date the Complaint was filed, or within sixty (60) days of the filing
19 of this Order, whichever is later, the ACTION MAY BE DISMISSED as to Defendant
20 pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(i) of
21 the Local Rules of Civil Procedure (LRCiv);

22     (9) That the United States Marshal SHALL RETAIN the summons, a copy of the
23 Complaint (Document #1), and a copy of this Order for future use;

24     (10) That the United States Marshal SHALL NOTIFY Defendant Vasquez of the
25 commencement of this action and REQUEST WAIVER OF SERVICE pursuant to Rule 4(d)
26 of the Federal Rules of Civil Procedure.  The notice to Defendant shall include a copy of
27 this Order.  The Marshal shall file waivers of service of the summons or requests for
28

**TERMPS REF**     - 6 -

waivers that are returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by Defendant to the Marshall within thirty (30) days from the date the request for waiver was sent by the Marshal, the Marshal shall:

    (a) Personally serve copies of the summons, Complaint (Document #1), and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

    (b) Within ten (10) days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

(11) **That if Defendant agrees to waive service of the summons and Complaint, he SHALL RETURN the signed waiver form to the United States Marshal, not to Plaintiff**;

(12) That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See LRCiv 5.4. **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Plaintiff**;

(13) That Plaintiff SHALL SERVE upon Defendant(s), or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document

**TERMPS REF** - 7 -

1  and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and
2  correct copy of the pleading or document was mailed to Defendant or the counsel. Any
3  paper received by a District Court Judge or Magistrate Judge which has not been filed with
4  the Clerk of the Court may be disregarded by the Court;

5  (14) That at all times during the pendency of this action, Plaintiff SHALL
6  IMMEDIATELY ADVISE the Court and the United States Marshal of any change of
7  address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF
8  ADDRESS." The notice shall contain only information pertaining to the change of address
9  and its effective date, except that if Plaintiff has been released from custody, the notice
10  should so indicate. The notice shall not include any motions for any other relief. Plaintiff
11  shall serve a copy of the notice on all opposing parties. Failure to file a NOTICE OF
12  CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute
13  pursuant to Federal Rule of Civil Procedure 41(b);

14  (15) That this matter is referred to Magistrate Judge Virginia A. Mathis pursuant to
15  LRCiv 72.1 and 72.2 for further proceedings;

16  (16) That the Clerk of the Court is DIRECTED to amend the docket in this case to
17  reflect that Plaintiff's current address is:

Benjamin A. Perez #97253
Arizona State Prison Complex
Eyman-SMU I-4-A-39
P.O. Box 4000
Florence, AZ 85232-4000.

DATED this 31st day of October, 2005.

David G. Campbell
United States District Judge

**TERMPS REF**                                    - 8 -